IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RODRIQUEZ D. BAILEY | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | NO. 2:11-cv-800 |
| | § | |
| VS. | § | SECTION " " |
| | § | |
| BLESSEY MARINE SERVICE, INC. and | § | |
| BLESSEY MARINE, INC. | § | |
| | § | |
| Defendant | § | MAGISTRATE ( ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RODRIQUEZ D. BAILEY, hereinafter referred to as Plaintiff, complaining of BLESSEY MARINE SERVICE, INC., and BLESSEY MARINE, INC., hereinafter referred to as Defendants, and for cause of action, would respectfully show as follows:

### A. Parties

1. Plaintiff, **Rodriquez D. Bailey.**, is an individual who resides in Great Lakes, Illinois.

2. Defendant, **Blessey Marine Service, Inc.** is a Louisiana Corporation with its place of business in Louisiana. Defendant may be served with process by serving its registered agent Patrick W. Voss, 1515 River Oaks Road East, Harahan, Louisiana 70123.

3. Defendant, **Blessey Marine, Inc.** is a Louisiana Corporation with its place of business in Louisiana. Defendant may be served with process by serving its registered agent Patrick W. Voss, 1515 River Oaks Road East, Harahan, Louisiana 70123.

4. It is unclear which Blessey entity is the proper party. Plaintiff will promptly dismiss whichever entity that is not a proper party. Plaintiff requests that counsel for Blessey contact the

undersigned's partner, Jeff Seely, who will be filing a motion to appear pro hac vice. He will dismiss the improper Blessey entity prior to the time that Blessey must answer.

### C. Venue

5.      Venue is proper in this District because Blessey's place of business is in this District. 28 U.S.C. § 1391(a).

### D. Jurisdiction

6.      This is a Jones Act and general maritime claim. Plaintiff requests a jury.

7.      The Court has personal jurisdiction over Blessey because its place of business is in this District, it has bank accounts and employees in this District, advertises here, and directs its operations from here.

### E. Factual Summary

8.       Plaintiff would show that this lawsuit has become necessary as a result of personal injuries which he sustained on or about December 3, 2010. On or about the dates in question, Plaintiff was employed by Defendants, **Blessey Marine Service, Inc.** and **Blessey Marine, Inc.**, as a tankerman aboard the M/V Mary Burke Liles.

9.      On or about said dates, Plaintiff was instructed along with deckhands to work in snowing and icy conditions. He was working on three loaded barges and transfer all lines, tools, fire extinguishers and spill kits onto two empty barges. While transferring a spill kit in an area with ice on the ground, co-workers slipped, causing the kit to tumble and injure Plaintiff. Plaintiff and the crew had requested that the cargo be unloaded in non-icy conditions.

### F. Causes of Action

**Negligence**

10.     At all relevant times, Plaintiff was in the course and scope of his employment with the

Defendants, **Blessey Marine Service, Inc.** and **Blessey Marine, Inc.** The foregoing actions and/or inactions of the Defendants and/or its officers, agents and/or employees constitute negligence. Plaintiff should not have been asked to work on deck in icy conditions. On information and belief, there was no non-skid surface in the area in which he was working. Co-workers failed to properly maintain control of the cargo. An insufficient and inexperienced crew was used for the task. A mechanical lifting device was not provided to accomplish the lifting task. The negligence of the Defendants was a proximate and/or producing cause of Plaintiff's injuries and damages.

### Unseaworthiness

11. Defendants owed a duty to Plaintiff to maintain the vessel in a seaworthy condition. However, Plaintiff will show that the vessel was unseaworthy and that said unseaworthiness was a proximate and/or producing cause of Plaintiff's injuries. The vessel's deck was icy and there was, on information and belief, no non-skid. Co-workers failed to properly maintain control of the cargo. An insufficient and inexperienced crew was used for the task. A mechanical lifting device was not provided to accomplish the lifting task.

12. Plaintiff sustained severe and disabling injuries to his back and other parts of his body. The foregoing injuries occurred as a proximate result of the negligence of Defendants and/or were caused by the unsafe and/or unseaworthy condition of the vessel referenced herein.

### Maintenance and Cure

13. Plaintiff claims maintenance and cure.

### G. Damages

14. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and

        necessary medical expenses in the future;

    b.    Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c.    Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

    d.    Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e.    Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

    f.    Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

    g.    Plaintiff has suffered a past loss of found damages and in all reasonable probability, will sustain a loss of found damages in the future.

15. To the extent that the Plaintiff suffered from any pre-existing conditions, Plaintiff would show that such conditions, if any, were aggravated as a result of the incident made the basis of this case.

16. The amount that Defendant is paying for maintenance is deficient. To the extent that the Defendants stop paying either maintenance or cure, that decision would be an unreasonable failure to provide maintenance and cure. Plaintiff is entitled to recover for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action, and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits. Plaintiff also seeks punitive damages for Defendant's failure to pay maintenance and cure.

### H.  Jury Demand

Plaintiff demands a trial by jury.  A jury fee is being paid contemporaneously with the filing of this Complaint.

### I.  Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RODRIQUEZ D. BAILEY, prays that, after trial on the merits, he have judgment against Defendants, **Blessey Marine Service, Inc.**, **and Blessey Marine, Inc.** for the following:

a. Sum in excess of the minimum jurisdictional limits of this Honorable Court;
b. Actual damages;
c. Attorneys' fees;
d. Pre-judgment interest and post-judgment interest at the maximum legal rate;
e. Costs of court; and
f. Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

GORDON, ELIAS & SEELY, L.L.P.

By: /s/ Steve J. Gordon
    Steve J. Gordon
    Bar Roll No. 24109
    1811 Bering Drive, Suite 300
    Houston, Texas 77057
    (713) 668-9999 – telephone
    (713) 668-1980 - facsimile

    ATTORNEYS FOR PLAINTIFF,
    **RODRIQUEZ BAILEY**